EDWARD MEUNIER *vs.* COMMISSIONERS OF SHELL FISHERIES.

NOVEMBER 10, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. *Certiorari* to review the action of the Commissioners of Shell Fisheries in rescinding a certificate of sanitary condition heretofore issued by them to the petitioner.

The general assembly by a series of enactments has provided for the protection of the shell fisheries in the public waters of the State and also for the protection of the public health as related to the consumption of shell-fish as food. The duty of enforcing these enactments has been imposed on the respondents as commissioners of shell fisheries. Section 6, Chapter 233, G. L. 1923, provides as follows: "Said commissioners may issue certificates from time to time to any person whose premises or grounds are found by them to be in a sanitary condition, setting forth that they have examined such opening or packing house or such shell-fish ground and that the methods followed in the preparation of oysters or other shell-fish in such opening or packing house are sanitary and that the grounds inspected are in proper sanitary condition for the production of shell-fish for consumption as food."

The petitioner was charged by the commissioners with having in his possession quahaugs under legal size, purchasing shell-fish from unlicensed fishermen, keeping inaccurate records of the purchases of shell-fish and handling shell-fish from areas not approved by the commissioners.

The petitioner contends that, inasmuch as there was no finding that his premises were not in a sanitary condition, the commissioners were without jurisdiction to revoke his certificate. There would be force in this contention if Section 6 of said Chapter 233 stood alone. But Section 4 provides that the commissioners shall inspect any or all the leased oyster grounds and other shell-fish grounds within the State, at such times as they may deem advisable, to determine whether said grounds are in a proper sanitary condition for the production of shell-fish for consumption as food.

In Section 7, Chapter 230, G. L. 1923, the following provision *inter alia* is found: "Said commissioners shall make all necessary regulations for enforcing the laws of the State relating to shell fisheries, and for executing the duties imposed upon them by law." Under this power of regulation, the commissioners may make such rules as are reasonably conducive to making effective the intent of the statute relating to shell-fish. As a prerequisite to the issuance of a certificate of sanitary condition, an applicant for such certificate is required to sign an application on a form provided by the commissioners whereby the applicant agrees "to handle, ship or offer for sale only such shell-fish as have been obtained from beds or areas examined, approved by your Board and to comply with the rules and regulations of your Board governing equipment and methods of handling shell-fish."

We deem this to be a reasonable exercise of the power to make rules and regulations as conferred on the commissioners by statute. It would be an anomaly to confine the power of the commissioners in issuing certificates of sanitary condition to the places where shell-fish are sold when the

same might have been obtained from polluted areas. As there was competent evidence tending to prove that the petitioner had violated his agreement, the action of the commissioners in revoking his certificate will not be reviewed on *certiorari*. *McCarthy* v. *Board of Aldermen*, 38 R. I. 385.

The writ of *certiorari* is quashed.

*Ralph Rotondo*, for petitioner.

*John P. Hartigan, Attorney General, John J. Cooney, Asst. Attorney General*, for respondents.